UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                  Plaintiff, )<br>                           )<br>-v-                            )<br>                            )<br>DERRICK DEVON SCOTT )<br>                  Defendant. )<br>                            ) | No. 1:17-cr-100-01<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant Derrick Scott requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 192). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

In his motion, Defendant invokes Part B of Amendment 821 and claims he is entitled to a reduced sentence as a zero-point offender. A review of the presentence report reveals Defendant received one criminal history point. (ECF No. 114 ¶ 103, PageID.449). Since he is not a zero-point offender, he is ineligible for a reduction under Part B of the Amendment. If he was a zero-point offender though, Defendant was convicted in count six of possession of a firearm in furtherance of a drug trafficking crime which would render him ineligible for a sentence reduction. Section 4C1.1(a)(7) prohibits a reduction for zero-point offenders if the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so)

in connection with the offense. Further, Defendant was convicted of a drug offense that by statute requires a minimum term of imprisonment of 10 years and another offense under 18 U.S.C. § 924(c)(1)(A) that carries a mandatory 60-month term of imprisonment that must be imposed consecutively to any other count. Defendant was sentenced to the mandatory minimums on both counts and is not eligible for any further reduction.

Similarly, Defendant is not eligible under Part A of Amendment 821 because he did not receive "status points." Since Amendment 821 does not have the effect of reducing Defendant's guideline range, he is not eligible for a reduction in sentence.

Finally, this is Defendant's second motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. The first motion was dismissed on procedural grounds because Defendant failed to file timely objections to the Report of Eligibility ("ROE") (ECF No. 188). By prior order of the court, Defendant was afforded a second opportunity to file objections to the ROE (ECF No. 195). Defendant was also warned that failure to file timely objections will result in denial of the motion. The deadline for filing objections has expired without Defendant filing any objection.

Defendant also requests the appointment of counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]here is no right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). "[T]he decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Here, Defendant is clearly ineligible

4

for a sentence reduction under Amendment 821; therefore, the Court declines to appoint counsel. Accordingly,

**IT IS HEREBY ORDERED** that the motion for a sentence reduction and for appointment of counsel (ECF No. 192) is DENIED.

Date:    August 20, 2024                                              /s/  Paul L. Maloney
                                                                      Paul L. Maloney
                                                                      United States District Judge